IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-12-3H
No. 4:17-CV-181-H

MAMOUN HASAH WSHAH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #348]. Petitioner also filed a letter, [DE #352], which contents the court has considered herein. The government has a filed a motion to dismiss the § 2255 motion, [DE #353]. The clerk issued a Rule 12 letter to petitioner on February 21, 2018, but petitioner has not responded. The time for filing a response has expired, and this matter is ripe for adjudication.

**BACKGROUND**

On April 8, 2011, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to transport stolen goods valued at more than $5,000, in interstate commerce, in violation of 18 U.S.C. §§ 371, 2314, and 21 (Count One). Petitioner failed to appear for his sentencing hearing on January 10, 2012, and a bench warrant was issued for his arrest, [DE #268]. Petitioner

was ultimately arrested on December 16, 2016, in the Southern District of Texas and returned to the Eastern District of North Carolina for sentencing. On February 15, 2017, petitioner was sentenced to a total term of imprisonment of 42 months. Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals dismissed the appeal. [DE #345].

Defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on December 27, 2017, [DE #348], alleging ineffective assistance of counsel.

## COURT'S DISCUSSION

### i. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess

2

counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### ii. Analysis

Petitioner contends counsel rendered ineffective assistance by 1) not coming to visit petitioner until the day of sentencing; 2) not explaining his presentence investigation report; 3) not knowing that petitioner "self-surrendered" in Nicaragua; and 4) informing petitioner that he had a good chance of getting a probationary sentence before petitioner missed his first sentencing and then arguing for a sentence of 30 months at petitioner's sentencing hearing and that counsel "never spoke with the U.S. Attorney about a deal, he didn't even kn[o]w who the U.S. Attorney was." [DE #348 at 4-8].

Even assuming counsel did not visit petitioner until his sentencing day or discuss the presentence report with petitioner, petitioner has not alleged facts that would show that he was prejudiced. Counsel argued at sentencing for petitioner to receive

3

a variance for his assistance even though he failed to appear for his sentencing in 2012 and evaded arrest for over four years. [DE #341 at 8]. The court granted counsel's request and sentenced petitioner to a term of imprisonment of 42 months – this was 18 months below the guideline range for the offense.[1] [DE #333 Revised PSR ¶ 47]. Petitioner's third argument that he self-surrendered in Nicaragua is without merit as he does not support how counsel erred in failing to argue this point. As to petitioner's argument that counsel should have requested a sentence of probation, petitioner's guideline range precluded his eligibility for a sentence of probation under the United States Sentencing Guidelines. [DE #223 PSR at ¶ 49 and DE #333 Revised PSR at ¶ 50]. Petitioner has not supported his argument that counsel never spoke with the government about a deal, as petitioner had entered a plea agreement in 2011, over five years before his sentencing.

Petitioner has not sufficiently alleged counsel's conduct fell below the standard of reasonably effective assistance. Even if petitioner had done so, he has failed to allege facts which would show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, for the foregoing reasons and in light of the reasons

---

[1] But for the statutory maximum of 60 months, the guideline range would have been 78 to 97 months. [DE #333 ¶ 47].

4

stated by the government, petitioner has failed to state a claim for ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #353], is hereby GRANTED, and petitioner's motion to vacate, [DE #348], is hereby DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 9th day of April 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

5